I hereby certify that this instrument is a true and correct copy of the original on file in my office. Attest: Sandy Opacich, Clerk U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION

MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in six actions and certain defendants[1] in the Southern District of Georgia *Bolton* action move under Panel Rule 7.1 to vacate the orders conditionally transferring the seven actions listed on Schedule A to MDL No. 2804.  Various responding manufacturer and distributor defendants[2] oppose the motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and/or distribution of various prescription opiate medications into cities, states and towns across the country.  *See In re: National Prescription Opiate Litig.,* 290 F. Supp.3d 1375 (J.P.M.L. 2017).  Plaintiffs in the initial motion for centralization were cities, counties and a state that alleged: "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* at 1378.  We held that "[a]ll actions involve common factual questions about, *inter alia*, the manufacturing

---

[*]  Judges Charles R. Breyer and Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Curtis V. Cooper Primary Health Care, Inc., Willie C. Conley, Jr., and Pembroke Pharmacy, Inc.

[2]  Amerisourcebergen Corp., Amerisourcebergen Drug Corp.; Cardinal Health, Inc., McKesson Corp. (distributor defendants); Allergan PLC, Actavis LLC, Actavis Pharma, Inc.; Allergan Finance, LLC; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Therapeutics, Inc.; Janssen Pharmaceutica Inc. n/k/a/ Janssen Pharmaceuticals Inc., Johnson & Johnson and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a/ Janssen Pharmaceuticals, Inc; Mallinkrodt plc, Mallinckrodt LLC; Purdue Pharma L.P., Purdue Pharma, Inc., Purdue Products, L.P. and The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc., and Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. (manufacturing defendants).

and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs." *Id.*

Despite some factual variances among the actions, all contain a factual core common to the MDL actions: the manufacturing and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

All parties opposing transfer in seven actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer challenging the propriety of federal jurisdiction is insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases.[3]

Several parties argue that including their actions in this large MDL will cause them inconvenience. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Plaintiff Red Cliff Band of Lake Superior Chippewa Indians asserts that the Northern District of Ohio lacks personal jurisdiction over its action. We have transferred cases in this docket brought by Native American tribes that made similar arguments,[4] and plaintiffs have not convinced us that we should take a different approach here. The transferee judge can accommodate any unique interests that may arise due to the Tribe's status as a sovereign. Indeed, the transferee judge already has approved an organizational structure that includes representation for Native American litigation and included certain Native American Tribes in the bellwether process.

---

[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

[4] In April 2015, the Panel transferred an action brought by the St. Croix Chippewa Indians of Wisconsin, noting:

> The Panel has long denied objections to transfer based on the transferee court's purported lack of personal jurisdiction. In *In re: FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976), we held that "[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue" and that "[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." (citing *In re Plumbing Fixture Cases*, 298 F.Supp. 483, 495-96 (J.P.M.L.1968)).

MDL No. 2804, Transfer Order, doc. 1134 at 3 (J.P.M.L., April 5, 2018).

Local pharmacy and health care provider defendants in the Southern District of Georgia action request that we exclude the professional negligence and malpractice claims against them from the MDL. This request is similar to the arguments contained in defendants' pending motions to sever and partially remand, and as such invites us to make substantive judgments about the merits of these claims, which we historically have declined.[5]  Defendants have not persuaded us to depart from this longstanding approach here, and we deny these requests.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell            Lewis A. Kaplan
R. David Proctor               Catherine D. Perry

---

[5]  See *In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("[T]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.") (citation and quotes omitted).

**IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION**                                                          MDL No. 2804

## SCHEDULE A

Middle District of Florida

CITY OF JACKSONVILLE v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:18‒00751

Northern District of Florida

LEVY COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒00100

Southern District of Florida

PALM BEACH COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 9:18‒80749

Southern District of Georgia

BOLTON, ET AL. v. BYNES, JR, ET AL., C.A. No. 4:18‒00136

District of New Jersey

THE BOROUGH OF RIDGEFIELD, v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 2:18‒10842
MONMOUTH COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:18‒10901

Western District of Wisconsin

RED CLIFF BAND OF LAKE SUPERIOR CHIPPEWA INDIANS v. MCKESSON
    CORPORATION, ET AL., C.A. No. 3:18‒00380